UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUDA ALI ZAHER,

        Plaintiff,         Civil Case No. 14-11848
                                                  Honorable Linda V. Parker

v.

AMC MORTGAGE SERVICES,
INC., et al.

        Defendants.

_____/

## OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION [ECF NO. 15]

On March 9, 2015, this Court issued an opinion and order denying Plaintiff Houda Ali Zaher's ("Plaintiff") motion for contempt, brought pursuant to Federal Rule of Civil Procedure 37, for Defendant Ocwen Loan Servicing LLC's ("Defendant") purported failure to comply with a state court discovery order. Presently before the Court is Defendant's motion for reconsideration. For reasons that follow, the Court **DENIES** Defendant's motion.

I.

**A. Standard of Review**

Rule 7.1 of the Local Rules for the Eastern District of Michigan provides the Court's standard of review:

1

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F.Supp.2d 731, 734 (E.D.Mich.2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F.Supp.2d 759, 780 (E.D.Mich.2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F.Supp.2d 636, 637 (E.D.Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

**B. Analysis**

This case was removed from Wayne County Circuit Court on May 8, 2014. (ECF No. 1.) Prior to removal, the state court issued a stipulated order extending the time allotted for Defendant to respond to Plaintiff's request for production of documents. (ECF No. 9-3.) Thereafter, Defendant responded to Plaintiff's request for production of documents. (ECF No. 9-2.)

Plaintiff asserts that Defendant's response was inadequate, given that Defendant only produced a few of the requested documents and objected on various grounds to the majority of Plaintiff's requests for document production. (ECF No. 9 at pg. ID 428.) Consequently, Plaintiff filed his motion for sanctions and alternatively default judgment, brought pursuant to Federal Rule of Civil Procedure 37(b). (ECF No. 9.) The Court, in its order denying Plaintiff's motion held the following:

> [A]t this point in the litigation, sanctions are not appropriate. The Court has stricken the third amended complaint, and Defendants have not yet answered the governing complaint. Therefore, at this time, it is premature to request discovery, and the Court will not discuss deficiencies in discovery requests that preceded removal to this Court.

(ECF No. 14 at Pg. ID 494.)

Plaintiff asserts that the Court erred by purportedly failing to set aside or give effect to the state court order as required under 28 U.S.C. § 1450. (Pl.'s Mot., ECF No. 15 at Pg. ID 495.) 28 U.S.C. § 1450 holds the following:

> Whenever any action is removed from a State court to a district court of the United States, any attachment or sequestration of the goods or estate of the defendant in such action in the State court shall hold the goods or estate to answer the final judgment or decree in the same manner as they would have been held to answer final judgment or decree had it been rendered by the State court.
>
> All bonds, undertakings, or security given by either party in such action prior to its removal shall remain valid and effectual notwithstanding such removal.

> All injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court.

28 U.S.C. §1450.

Plaintiff asserts that this Court committed a palpable defect in holding that it would "not discuss deficiencies in discovery requests that preceded removal," given that 28 U.S.C. § 1450 requires that state court orders remain in full force in effect after removal, until dissolved or modified by the district court. (Pl.'s Mot., ECF No. 15 at Pg. ID 500.)  To the extent the order was not clear, the Court clarifies forthwith that by permitting amendment of the complaint, the Court vacated any prior state court discovery orders. Thus, since the Court had previously dissolved the state court's order pertaining to Plaintiff's request for document production, Plaintiff's contention that the Court erred by failing to recognize the full force and effect of the state court order is unavailing.

Accordingly, because Plaintiff has failed to demonstrate a palpable defect, her motion for reconsideration is **DENIED**.

    **SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: December 11, 2015

4

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 11, 2015, by electronic and/or U.S. First Class mail.

                                          s/ Richard Loury
                                          Case Manager