UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUDA ALI ZAHER

      Plaintiff,

                                    Civil Case No. 14-11848

v.                                   Honorable Linda V. Parker

ARGENT MORTGAGE COMPANY, LLC,
AMC MORTGAGE SERVICES, INC.,
CITI RESIDENTIAL LENDING INC.,
AMERICAN HOME MORTGAGE SERVICING, INC.,
AH MORTGAGE ACQUISITION CO., INC.,
HOMEWARD RESIDENTIAL INC., and
OCWEN LOAN SERVICING, LLC,

      Defendants.
_____/

## OPINION AND ORDER DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

Plaintiff initiated this lawsuit against Defendants in state court on or about March 7, 2014, alleging that Defendants misapplied the payments she made toward her residential mortgage loan and wrongfully claimed she was in default on the loan. Plaintiff filed a First Amended Complaint on May 1, 2014 in which she asserts the following claims: (I) "Negligent Accounting and Assessment of Late Fees" against Defendants American Home Mortgage Servicing, Inc., AH Mortgage Acquisition Company, Inc., and Homeward Residential, Inc.; (II) "Negligent Accounting and Assessment of Late Fees" against Defendant Ocwen Loan Servicing, LLC; (III) "Breach of Contract Wrongful Foreclosure Action" against all Defendants; (IV) fraud

and misrepresentation against all Defendants; (V) violation of the Michigan Consumer Protection Act; (VI) violations of the Michigan Collection Practices Act, Michigan Compiled Laws §§ 339.318, .915(e), and .918; (VII) negligence against Defendant Argent Mortgage Company, LLC; (VIII) civil conspiracy; and (IX)[1] quiet title.

On May 8, 2014, all of the then-served Defendants removed Plaintiff's Complaint from state court to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Plaintiff then filed a second amended complaint (mislabeled as a third amended complaint) and a corrected version of the second amended complaint on May 19, 2014 (ECF Nos. 3, 4), which the Court subsequently struck as the amendment was filed in violation of Federal Rule of Civil Procedure 15.[2] (ECF No. 13.) Presently before the Court is Defendants' "Motion to Dismiss Plaintiff's Second Amended Complaint", filed pursuant to Federal Rule of Civil Procedure 12(b)(6) on March 23, 2015. (ECF No. 16.) The motion has been fully briefed. (ECF Nos. 21, 24.)

As suggested by its title, Defendants' motion to dismiss is directed at Plaintiff's Second Amended Complaint, filed May 19, 2014. Defendants appear to have overlooked that Plaintiff filed only one amended complaint on May 19, one version being a "corrected" copy. (*See* ECF Nos. 3, 4.) Defendants also appear to have

---

[1] Plaintiff mislabels this as Count X in her First Amended Complaint.
[2] Plaintiff's Second Amended Complaint added Deutsche Bank National Trust Company ("Deutsche Bank") as a Defendant. As the Court struck the pleading, Deutsche Bank is not a party to this lawsuit. Therefore, the Court is directing the Clerk of the Court to remove Deutsche Bank from the docket as a listed defendant.

overlooked that the Court struck both versions of the pleading in its March 9, 2015 order. (*See* ECF No. 13.) As a result, Defendants' current motion to dismiss seeks to dismiss a complaint already rejected by the Court. For that reason, the Court is denying the motion as moot.[3] To the extent Defendants wish to file a motion to dismiss addressing the controlling complaint, they may do so within fourteen (14) days of this Opinion and Order.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 30, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 30, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager

---

[3] In light of the fact that all of the claims Plaintiffs assert in their First Amended Complaint are addressed in Defendants' motion to dismiss, the Court considered addressing the arguments in Defendants' motion, construing them as directed at Plaintiff's First Amended Complaint (which is the governing pleading). Nevertheless, a reviewing court might conclude that it was error to do so, resulting in a reversal of the decision. Therefore, the Court concludes that the safest (and perhaps ultimately most efficient route) is to deny the motion as moot and provide Defendants the opportunity to file a new motion, directed at the correct pleading.