UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUDA ALI ZAHER

       Plaintiff,

                                        Civil Case No. 14-11848

v.                                     Honorable Linda V. Parker

ARGENT MORTGAGE COMPANY, LLC,
AMC MORTGAGE SERVICES, INC.,
CITI RESIDENTIAL LENDING INC.,
AMERICAN HOME MORTGAGE SERVICING, INC.,
AH MORTGAGE ACQUISITION CO., INC.,
HOMEWARD RESIDENTIAL INC., and
OCWEN LOAN SERVICING, LLC,

       Defendants.
_____/

**<u>OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [ECF NO. 27]</u>**

Plaintiff Houda Ali Zaher ("Plaintiff"), through counsel, initiated this action

against Defendants Argent Mortgage Company LLC ("Argent"), AMC Mortgage

Services, Inc. ("AMC"), Citi Residential Lending Inc. ("Citi"), American Home

Mortgage Servicing, Inc. ("AHMSI"), AH Mortgage Acquisition Co. Inc. ("AH

Mortgage"), Homeward Residential Inc. ("Homeward"), and Ocwen Loan

Servicing, LLC ("Ocwen") in state court on or about March 7, 2014, alleging that

Defendants misapplied the payments she made toward her residential mortgage

loan and wrongfully claimed she was in default on the loan.  Plaintiff filed a First

Amended Complaint on May 1, 2014.  Defendants timely removed the action to

this Court on May 8, 2014 on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

Presently before the Court is Defendants' motion to dismiss Plaintiff's First

Amended Complaint, filed pursuant to Federal Rule of Civil Procedure 12(b)(6).

(ECF No. 27.)  Finding the facts and legal arguments sufficiently presented in the

parties' briefs, the Court dispensed with oral argument pursuant to Eastern District

of Michigan Local Rule 7.1(f).  For the reasons that follow, the Court grants

Defendants' motion and dismisses the action with prejudice.

## I.      Standard for Motion to Dismiss

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of

the complaint.  *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134

(6th Cir. 1996).  Under Federal Rule of Civil Procedure 8(a)(2), a pleading must

contain a "short and plain statement of the claim showing that the pleader is

entitled to relief."  To survive a motion to dismiss, a complaint need not contain

"detailed factual allegations," but it must contain more than "labels and

conclusions" or "a formulaic recitation of the elements of a cause of action . . .."

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  A complaint does not

"suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.' "

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

2

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not applicable to legal conclusions, however. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Ordinarily, the court may not consider matters outside the pleadings when deciding a Rule 12(b)(6) motion to dismiss. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997) (citing *Hammond v. Baldwin*, 866 F.2d 172, 175 (6th Cir. 1989)). A court that considers such matters must first convert the motion to dismiss to one for summary judgment. *See* Fed. R. Civ. P 12(d). However,

"[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). Thus, a court may take judicial notice of "other court proceedings" without converting a motion to dismiss into a motion for summary judgment. *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. J.P. Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008)).

## II.     Factual and Procedural Background

On August 6, 2004, Plaintiff secured a residential mortgage loan from Defendant Argent related to real property located at 756 Dover Street, Dearborn Heights, Michigan ("Property"). (Amend. Compl. ¶ 19.) In connection with the transaction, Plaintiff executed a Fixed Rate Note in favor of Argent in the amount of $198,000.00. (ECF No. 27-2 at Pg ID 802.) To secure repayment of the loan, Plaintiff granted a mortgage ("Mortgage") on the Property to Argent, as mortgagee. (ECF No. 1-4 at Pg ID 77.) The mortgage was recorded in the Wayne County Register of Deeds on September 10, 2004. (*Id.*)

4

Argent transferred the servicing rights to Ameriquest Mortgage Company, LLC on or about August 11, 2004.[1]  (ECF No. 27-4 at Pg ID 807.)  Next, AMC transferred its servicing rights to Defendant Citi on October 1, 2007.  (ECF No. 27-5 at Pg ID 811.)  The third transfer of service occurred on February 11, 2009, when Citi transferred its servicing rights to Defendant American Home Mortgage Servicing, Inc., which later changed its name to Homeward Residential, Inc. ("Homeward").  (ECF No. 27-6 at Pg ID 813; *see also* Amend. Compl. ¶¶ 43-45.)

Both parties agree that no late fees or penalties were assessed by Defendants Argent, AMC, or Citi.  (*See* Amend. Compl. ¶¶ 22, 25, 29; ECF No. 27 at Pg ID 780.)  Plaintiff alleges that she was first unjustly charged with late payment fees by Defendant Homeward.  (Amend. Compl. ¶ ¶ 35, 44.)  Plaintiff reached out to Defendant Homeward, advising them to correct their accounting and requesting an accounting history.  (*Id.*, ¶¶ 36, 37.)  Plaintiff did not receive a response.  (*Id.*, ¶ 38.)  Plaintiff continued to receive late fee charges along with letters stating that her payments were late until July 2012.  (*Id.*, ¶ 44.)

In a letter dated February 22, 2013, Plaintiff was notified that Defendant Homeward would transfer the servicing rights to the mortgage loan to Defendant Ocwen Loan Servicing, LLC ("Ocwen") effective on March 11, 2013.  (ECF No. 27-7 at Pg ID 816.)  Plaintiff alleges that she received letters from Defendant

---

[1] Ameriquest Mortgage Company changed their name to AMC Mortgage Services, Inc. ("AMC"), effective March 31, 2005.  (ECF No. 27-4 at Pg ID 809.)

Ocwen "stating payments were allegedly not being made timely, threatening to foreclose on the mortgage and added late fee charges" until December 2013. (Amend. Compl. ¶ 52.)

Plaintiff filed a First Amended Complaint ("Amended Complaint") on May 1, 2014, in which she asserts the following claims: (I) "Negligent Accounting and Assessment of Late Fees" against Defendants American Home Mortgage Servicing, Inc.; AH Mortgage Acquisition Company, Inc.; and Homeward Residential, Inc; (II) "Negligent Accounting and Assessment of Late Fees" against Defendant Ocwen Loan Servicing, LLC; (III) "Breach of Contract" for wrongful foreclosure against all Defendants; (IV) fraud and misrepresentation against all Defendants; (V) violation of the Michigan Consumer Protection Act, Mich. Comp. Laws §445.901; (VI) violations of the Michigan Collection Practices Act, Mich. Comp. Laws §§ 339.918 and 339.915(e); (VII) negligence against Defendant Argent; (VIII) civil conspiracy; and (IX)[2] quiet title.  Defendants filed a motion to dismiss the First Amended Complaint on April 5, 2016, requesting that this Court dismiss Plaintiff's amended complaint with prejudice and award Defendants their costs and attorneys' fees.  (ECF No. 27 at Pg ID 798.)

Defendants present seven arguments in favor of dismissal.  First, Defendants argue that "negligent accounting" is not a cause of action.  Alternatively, if

---

[2] Plaintiff mislabels this as Count X in her First Amended Complaint.

Plaintiff is requesting an accounting, Plaintiff fails to state a claim for accounting and Plaintiff's claims regarding an alleged violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act fail.  (*Id.* at Pg ID 783.)  Second, Defendants argue that Plaintiff fails to state a claim for either breach of contract or for wrongful foreclosure.  (*Id.* at Pg ID 785-87.)  Third, Defendants allege that Plaintiff has failed to allege fraud with the particularity required under the Federal Rules of Civil Procedure.  (*Id.* at Pg ID 787.)  Fourth, Defendants state that they did not violate the Michigan Consumer Protection Act or the Michigan Collection Practices Act.  (*Id.* at Pg ID 788-90.)  Fifth, Defendants argue they do not owe a separate duty to Plaintiff outside of the mortgage loan agreement.  (*Id.* at Pg ID 792.)  Sixth, Defendants contend that Plaintiff fails to properly allege a civil conspiracy.  (*Id.* at Pg ID 794.)  Seventh, Defendants claim that Plaintiff has failed to allege a prima facie case to quiet title.  (*Id.* at Pg ID 795.)

## III.   Applicable Law and Analysis

### A.   Negligent Accounting

Plaintiff alleges that Defendants Homeward and Ocwen were negligent in failing to adhere to "ethical and legal guidelines of accounting standards…." (Amend. Compl. ¶¶ 58, 68.)  In particular, Plaintiff argues that Defendants violated their duty to provide Plaintiff with accurate accounting statements.  (ECF No. 32 at Pg ID 923.)  Plaintiff requests an accounting between Plaintiff and Defendants

7

from 2004 until the present date and an award in damages exceeding $25,000, because "the precise sum of the mortgage is unknown to Plaintiff." (ECF No. 32 at Pg ID 924.) Defendants contend that there is no cause of action for "negligent accounting" and in the alternative, Plaintiff cannot state a claim for accounting. (ECF No. 27 at Pg ID 783.)

An accounting is "an extraordinary remedy, and like other equitable remedies, is available only when legal remedies are inadequate." *Bradshaw v. Thompson*, 454 F.2d 75, 79 (6th Cir. 1972); *see also Alshaibani v. Litton Loan Servicing, L.P.*, No. 2:12-CV-063, 2012 WL 3239088, at *4 (S.D. Ohio Aug. 7, 2012), *aff'd*, 528 F. App'x 462 (6th Cir. 2013). The burden of proof rests with Plaintiff to demonstrate that legal remedies are inadequate. *Sower v. Chase Home Finance, L.L.C.*, No. 13-15274, 2016 WL 4446589 at *6 (E.D. Mich. Aug. 24, 2016). An accounting is deemed unnecessary "where discovery is sufficient to determine the amounts at issue." *Barkho v. Homecomings Fin., LLC*, 657 F.Supp.2d 857, 865 (E.D. Mich. 2009) (quoting *Cyril J. Burke, Inc. v. Eddy & Co., Inc.*, 51 N.W.2d 238, 239 (Mich. 1952)).

Here, Plaintiff's accounting claim is based on the amount due under the mortgage note. Plaintiff fails to indicate why discovery would be inadequate to determine the precise sum of the mortgage. Because Plaintiff has failed to show

that legal remedies are inadequate, Plaintiff's claim for negligent accounting under Counts I and II are dismissed for failure to state a claim pursuant to Rule 12(b)(6).

### B.   Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act

The remaining violation discussed in Counts I and II is an alleged breach in violation of the Michigan Mortgage Brokers, Lenders, and Servicers Licensing Act ("MBLSLA"), Mich. Comp. Laws § 445.1651, *et seq.*  Plaintiff argues that Defendants Homeward and Ocwen were negligent and violated MBLSLA by allegedly breaching their duty to adhere to "ethical and legal guidelines of accounting standards…."  (Amend. Compl. ¶¶ 58, 68.)  Defendants have two arguments: first, Defendants contend that Plaintiff failed to allege any fraud in the mortgage loan transaction and second, Defendant Ocwen has not engaged in any prohibited activity under the MBLSLA.  (ECF No. 27 at Pg ID 785.)

MBLSLA was enacted to regulate mortgage brokers, mortgage lenders, and mortgage servicers.  Michigan Compiled Laws §445.1672 lists 14 separate violations of the act.  Plaintiff fails to state what provision of § 445.1672 Defendants allegedly violated.  Plaintiff also fails to state sufficient factual content for the Court to determine what violations of the act Plaintiff is alleging occurred. To state a claim, Plaintiff must plead more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . .."  *Bell Atlantic Corp.*

9

*v. Twombly*, 550 U.S. 544, 555 (2007). Therefore, Plaintiff's claim regarding an alleged violation of the MBLSLA fail and Counts I and II are dismissed for failure to state a claim pursuant to Federal Rule of Procedure 12(b)(6).

### C.   Breach of Contract

Defendants move to dismiss Count III of Plaintiff's complaint, which alleges a breach of contract due to wrongful foreclosure. (Amend. Compl. ¶¶ 75-92.) Plaintiff argues that Defendants were in material breach of the mortgage and loan contract when Defendants "failed to properly credit and did not include a proper accounting of and credits for payment to the loan balance" on Plaintiff's mortgage account. (*Id.*, ¶ 83.) Because of this failure, Plaintiff states she suffered late fees and her credit rating was damaged. (*Id.*, ¶ 92.)

To establish a breach of contract in Michigan, Plaintiff must allege: (1) the existence of a valid contract, (2) establish the contract's terms, (3) present evidence of a breach of those terms, and (4) show an injury causally related to that breach. *Webster v. Edward D. Jones & Co.*, 197 F.3d 815, 819 (6th Cir. 1999). Plaintiff alleges in her Amended Complaint that Defendants breached the terms of the mortgage by not applying Plaintiff's payments toward reducing the loan principal. (ECF No. 32 at Pg ID 928.) However, Plaintiff fails to establish the contract's terms and does not point to any provision in a contract that Defendants have breached.

10

Moreover, while Plaintiff alleges that all Defendants have breached the terms of the mortgage, Plaintiff also admits that the issue of misapplied payments did not arise until Defendant Homeward obtained servicing rights to the loan.  (*See* Amend. Compl. ¶¶ 22, 25, 29, 35.)  Plaintiff fails to explain how Defendants Argent, AMC, or Citi have injured her through a breach of contract.  Plaintiff does not state more than "naked assertions" and therefore, Plaintiff's claim for breach of contract is dismissed pursuant to Rule 12(b)(6).  *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

### D.   Wrongful Foreclosure

In Count III of the Complaint, Plaintiff also argues that Defendants did not have "the right to declare default, cause notices of default to be issued or recorded, or foreclose on Plaintiff's interest in the Subject Property" and therefore violated MBLSLA.  (Amend. Compl. ¶ 91.)  In her opposition brief, Plaintiff explains that Defendants wrongfully initiated foreclosure proceedings by sending letters demanding "substantial sums of money from Plaintiff."  (ECF No. 32 at Pg ID 929.)  Defendants argue that the issue of wrongful foreclosure is not ripe because no foreclosure proceedings have commenced.  (ECF No. 27 at Pg ID 787.)  Plaintiff does not dispute that foreclosure proceedings have not commenced; rather, Plaintiff makes the claim for wrongful foreclosure based solely on "letters constituting an intent to foreclose."  (ECF No. 32 at Pg ID 929.)

11

Plaintiff fails to cite to a provision of MBLSLA that Defendants could have violated by sending Plaintiff letters threatening foreclosure. Further, this Court agrees that this issue is not ripe where foreclosure proceedings have not commenced. *See McLaughlin v. Chase Home Fin., LLC*, No. 2:11-CV-11012, 2012 WL 995284, at *5 (E.D. Mich. Mar. 23, 2012), *aff'd* 519 Fed.Appx. 904 (6th Cir. 2013) ("Plaintiffs have also failed to establish whether a claim for 'wrongful foreclosure' may be brought in this case, in light of the fact that nothing in the record appears to indicate that a foreclosure sale has actually taken place."). In *Mowett v. JPMorgan Chase Bank*, No. 15-12612, 2016 WL 1259091 (E.D. Mich. Mar. 31, 2016), the court concluded that the plaintiff's wrongful foreclosure claim was not ripe because no foreclosure sale had occurred, thus precluding the plaintiff from "demonstrat[ing] any fraud resulting in prejudice relating to a foreclosure proceeding." *Id.* at *5. Therefore, Count III is dismissed pursuant to Rule 12(b)(6).

## E.     Fraud and Misrepresentation

In Count IV of her Amended Complaint, Plaintiff asserts fraud and misrepresentation against all Defendants based on allegations that Defendant Argent was "never a legally authorized registered FDIC mortgage lender." (Amend. Compl. ¶ 94.) Plaintiff argues the remaining Defendants were engaged in fraud by breaching their duty to "periodically verify the accuracy and completeness

12

of transactions processed on plaintiffs [sic] account." (*Id.*, ¶ 102.)  Plaintiff also

contends that Defendants had an "affirmative duty not to intentionally conceal or

misrepresent to plaintiff the true nature of the status of plaintiff's mortgage

balance, the reasons for assessing late charges, or the fact that such payments

which were being actually received, were not being received in order to justify

additional and further assessments of late fees." (*Id.*, ¶ 104.)

> Under Michigan law, a prima facie claim of fraud requires proof that:
>
> (1) the defendant made a material representation; (2) the
> representation was false; (3) when the representation was made, the
> defendant knew that it was false, or made it recklessly, without
> knowledge of its truth, and as a positive assertion; (4) the defendant
> made [the representation] with the intention that the plaintiff should
> act upon it; (5) the plaintiff acted in reliance upon the representation;
> and (6) the plaintiff thereby suffered injury.

*Roberts v. Saffell*, 760 N.W.2d 715, 719 (Mich. App. 2008).  Under the Federal

Rules of Civil Procedure, claims of fraud must be pled with particularity.  Fed. R.

Civ. P. 9(b).  In order to satisfy the particularity requirement, a plaintiff must: (1)

specify the alleged fraudulent statements; (2) identify the speaker; (3) state when

and where the statements were made; and (4) explain why the statements were

fraudulent.  *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008).

In her Amended Complaint, Plaintiff fails to particularly identify the specific

fraudulent statements, who made the statements, and when and where the

statements were made.  In Plaintiff's opposition brief, she alleges that Defendant

13

Ocwen has committed fraud by "repeatedly communicat[ing] to Plaintiff that her loan was in default, despite Plaintiff's consistent payments" and for failing to properly account the receipt of Plaintiff's money.  (ECF No. 32 at Pg ID 930.) However, Plaintiff still fails to satisfy the requisite pleading standards for fraud by not identifying when and where the statements were made and why the statements were fraudulent.  Plaintiff's opposition brief also does not state how the remaining Defendants engaged in fraud.[3]  Therefore, Plaintiff fails to plead fraud or misrepresentation with the level of particularity required by Rule 9(b).

### F.    Michigan Consumer Protection Act

In Count V of her Amended Complaint, Plaintiff alleges that Defendants Homeward and Ocwen violated the Michigan Consumer Protection Act ("MCPA"), Mich. Comp. Laws § 445.901 *et seq.*, by assessing late fees and sending letters demanding mortgage payments when Plaintiff had made those payments on a timely basis.  (Amend. Compl. ¶¶ 108-115.)  Defendants contend that Plaintiff's MCPA claims fail because the MCPA does not apply to the mortgage business.

---

[3] As previously mentioned, Plaintiff states in her Amended Complaint that there were no issues regarding late payments with Defendants Argent, AMC, or Citi. (Amend. Compl. ¶¶ 22, 25, 29.)  It is unclear how they could be liable for failure to properly account receipt of Plaintiff's money if Plaintiff states that the accounting issues did not occur until servicing rights were transferred to Defendant Homeward.  (*Id.*, ¶ 35.)

14

This Court agrees with the Defendants.  Under the MCPA, "[a] transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States" is exempt from the MCPA.  Mich. Comp. Laws. § 445.904(1)(a); see also *Newton v. Bank West*, 686 N.W.2d 491 (Mich. App. 2004).  In *Newton*, the Michigan Court of Appeals stated that in determining whether transactions or conduct are "specifically authorized" by law, courts should determine "whether the general transaction is specifically authorized by law, regardless of whether the specific misconduct is prohibited."  *Id.* at 491 (quoting *Smith v. Globe Life Ins. Co.*, 597 N.W.2d 28, 38 (Mich. 1999)).

Courts have repeatedly concluded that residential mortgage loan transactions qualify for the exemption.[4] *See Newton*, 686 N.W.2d at 493 ("[W]e conclude that the residential mortgage loan transactions fit squarely within the exemption."); *see also Perino v. Wells Fargo Bank, N.A.*, No. 12-cv-15182, 2013 WL 5340800  at *10 (E.D. Mich. Sept. 23, 2013) ("The Michigan Consumer Protection Act does not apply to residential mortgage transactions."); *Berry v. Bank of America, N.A.*, No. 09-14081, 2009 WL 4950463 at *6 (E.D. Mich. Dec. 16, 2009) ("[T]he MCPA does not apply to residential loan transactions.");  *Hanning v. Homecomings Fin. Networks, Inc.*, 436 F.Supp.2d 865, 869 (W.D. Mich. 2006).  This Court agrees

---

[4] In her Amended Complaint, Plaintiff states that both Defendants Homeward and Ocwen are mortgage services companies.  (Amend. Compl. ¶¶ 12, 15.)

15

with Defendants and holds that the MCPA does not apply to the mortgage for the Property.

### G.   Michigan Occupational Code

In Count VI of her Amended Complaint, Plaintiff alleges that a defendant violated the Michigan Occupational Code ("MOC"), Mich. Comp. Laws § 339.918 and § 339.915(e).[5] (Amend. Compl. ¶¶ 118-120.)  Plaintiff fails to state which defendant she contends violated the MOC, but argues that "[n]one of the Defendants assessed Plaintiff's financial situation correctly."  (*Id.*, ¶ 119(d).) Defendants contend that as mortgage servicers, they are not subject to the MOC. (ECF No. 27 at Pg ID 790.)

The MOC prohibits licensed collection agencies from "[m]aking an inaccurate, misleading, untrue, or deceptive statement or claim in a communication" with a debtor.  Mich. Comp. Laws. § 339.915(e).  The MOC does not apply to "a person whose collection activities are confined and are directly related to the operation of a business other than that of a collection agency...." Mich. Comp. Laws § 339.901(1)(b).  Defendants are not collection agencies; rather, they are mortgage services companies.  (Amend. Compl. ¶¶ 3-16.)  Plaintiff has failed to plead any facts that show how this act could apply to Defendants since they are "operat[e] [] a business other than that of a collection agency...."  Mich.

---

[5] Plaintiff titled Count VI "Violations of Michigan Collection Practices Act" but references the Michigan Occupational Code.  (Amend. Compl. ¶ 119.)

16

Comp. Laws § 339.901(1)(b).  Moreover, Plaintiff fails to show how Defendants

violated the MOC, and instead merely recites parts of the statute.  (Amend. Compl.

¶ 119.) Plaintiff's allegation only states " 'naked assertions' devoid of 'factual

further enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

*Twombly*, 550 U.S. at 557).  Therefore, Count VI is dismissed.

### H.    Negligence

In Count VII, Plaintiff alleges that Defendant Argent was negligent in

transferring the servicing rights of the mortgage.  (Amend. Compl. ¶¶ 122-24.)

Plaintiff argues that Defendant Argent breached their duty as a mortgage loan

provider by allegedly failing to periodically verify the accuracy of the financial

transactions being processed by each company with servicing rights subsequent to

Argent; failing to verify the accounting of Plaintiff's mortgage account; concealing

material misrepresentations regarding Defendants' debt collection practices; and

for providing Defendant Ocwen the servicing rights to the mortgage loan with

knowledge of its "prior history of fraudulent activities."  (*Id.*, ¶ 126.)

To state a prima facie case of negligence in Michigan, a plaintiff asserting a

negligence claim must prove: "(1) 'that the defendant owed a legal duty to the

plaintiff,' (2) 'that the defendant breached or violated the legal duty,' (3) 'that the

plaintiff suffered damages,' and (4) 'that the breach was a proximate cause of the

damages suffered.' " *Demo v. Red Roof Inns, Inc.*, 274 F. App'x 477, 478 (6th Cir.

17

2008) (quoting *Schultz v. Consumers Power Co.*, 506 N.W.2d 175, 177 (Mich. 1993)).

Under Michigan law, a negligence claim arises only where the plaintiff alleges a duty that is "separate and distinct" from a contractual duty. *Fultz v. Union Commerce Assoc.*, 683 N.W.2d 587, 592 (Mich. 2004); *see also Polidori v. Bank of America, N.A.*, 977 F.Supp.2d 754, 763 (E.D. Mich. 2013). "[T]he threshold question is whether the defendant owed a duty to the plaintiff that is separate and distinct from the defendant's contractual obligations. If no independent duty exists, no tort action based on a contract will lie." *Fultz*, 683 N.W.2d at 592.

Here, Plaintiff has not alleged that Defendant Argent owed him a duty separate and distinct from the contractual obligations. Plaintiff does not provide any case law or evidence in support of a breach arising outside of the parties' contract. Because there is no "separate and distinct" duty, Plaintiff has not stated a claim for negligence.

## I.      Civil Conspiracy

In Count VIII of her Amended Complaint, Plaintiff alleges that Defendants engaged in a civil conspiracy by "misrepresenting and concealing material information regarding the servicing of loans." (Amend. Compl. ¶ 131.)

Defendants contend that the civil conspiracy claim fails because Plaintiff has failed to allege a tort for either fraud or negligence. (ECF No. 34 at Pg ID 947.)

> To prove a civil conspiracy, a plaintiff must show the following:
>
> "[A]n agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant."

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985). "[A] claim for civil conspiracy may not exist in the air; rather, it is necessary to prove a separate, actionable tort." *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 670 N.W.2d 569, 580 (Mich. App. 2003) (internal citation omitted); *see also Thill v. Ocwen Loan Servicing, LLC*, 8 F. Supp. 3d 950, 957 (E.D. Mich. 2014). Because Plaintiff has not sufficiently pled a separate, actionable tort, her civil conspiracy claim must be dismissed.

### J.   Quiet Title

In Count X of her Amended Complaint, Plaintiff seeks to quiet title to the Property pursuant to Michigan Compiled Laws § 600.2932. (Amend. Compl. ¶¶ 136-149.) Plaintiff requests that this Court hold a hearing to determine the validity and priority of Plaintiff's claim for title. (*Id.* ¶ 149.)

19

The Michigan Court Rules set forth the requirements for "actions to determine interests in land under [Michigan Compiled Laws §] 600.2932." Mich. Ct. R. 3.411(A). Pursuant to Rule 3.411(B)(2), to state a claim for quiet title, the plaintiff must allege: "(a) the interest the plaintiff claims in the premises; (b) the interest the defendant claims in the premises; and (c) the facts establishing the superiority of the plaintiff's claim." Mich. Ct. R. 3.411(B)(2). The plaintiff "'has the burden of proof and must make out a prima facie case of title. If the plaintiff makes out a prima facie case, the defendant then has the burden of proving superior right or title in themselves.' " *Khadher v. PNC Bank, NA*, 577 F. App'x 470, 478 (6th Cir. 2014) (brackets removed) (quoting *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. 1999)).

Plaintiff has failed to state a claim to quiet title. Plaintiff does not provide any facts that, if taken as true, would establish superiority over Defendant Ocwen's right to the Property. As Defendants correctly point out, Plaintiff does not allege she paid off her debt. (ECF No. 27 at Pg ID 796-97.) Because Plaintiff failed to state the interest she had in the premise and any facts demonstrating superiority, Plaintiff's claim to quiet title must be dismissed.

## IV.    Conclusion

For the above reasons, Plaintiff's claims are dismissed.

20

Accordingly,

**IT IS ORDERED** that Defendants' motion to dismiss (ECF No. 27) is

**GRANTED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: January 18, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 18, 2017, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager
