UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HOUDA ALI ZAHER

       Plaintiff,

                                                        Civil Case No. 14-11848
v.                                         Honorable Linda V. Parker

ARGENT MORTGAGE COMPANY, LLC,
AMC MORTGAGE SERVICES, INC.,
CITI RESIDENTIAL LENDING INC.,
AMERICAN HOME MORTGAGE SERVICING, INC.,
AH MORTGAGE ACQUISITION CO., INC.,
HOMEWARD RESIDENTIAL INC., and
OCWEN LOAN SERVICING, LLC,

       Defendants.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [ECF NO. 37]**

     Plaintiff Houda Ali Zaher ("Plaintiff"), through counsel, initiated this action against Defendants Argent Mortgage Company LLC ("Argent"), AMC Mortgage Services, Inc. ("AMC"), Citi Residential Lending Inc. ("Citi"), American Home Mortgage Servicing, Inc. ("AHMSI"), AH Mortgage Acquisition Co. Inc. ("AH Mortgage"), Homeward Residential Inc. ("Homeward"), and Ocwen Loan Servicing, LLC ("Ocwen") in state court on or about March 7, 2014, alleging that Defendants misapplied the payments she made toward her residential mortgage loan and wrongfully claimed she was in default on the loan.  In an Opinion and

1

Order entered on January 18, 2017, this Court granted Defendants' motion to dismiss Plaintiff's First Amended Complaint. (ECF No. 35.) Presently before the Court is Plaintiff's Motion Pursuant to Fed. R. Civ. P. 59(e), 60(b), and L.R. 7.1(g)(3)[1] for Reconsideration of the Court's January 18, 2017 Order Granting Defendants' Motion to Dismiss, filed February 1, 2017. (ECF No. 37.)

Local Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub.*

---

[1] The title of the motion refers to the incorrect provision of the local rule. The controlling rule is E.D. Mich. LR 7.1(h)(3).

*Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Plaintiff first argues that this Court lacked subject-matter jurisdiction and therefore committed a palpable defect by hearing this case. (ECF No. 37 at Pg ID 995.) Plaintiff contends that there was a lack of complete diversity as required by 28 U.S.C. § 1332. In particular, Plaintiff states that Defendants Citi and Argent "had (a) a resident agent in Michigan and conducted business in Michigan, as evidenced by their Certificates filed with the State of Michigan."

28 U.S.C. § 1332 governs diversity of citizenship. 28 U.S.C. § 1332(c) provides that "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" In their removal motion, Defendants stated that Citi is a Delaware corporation, wholly owned by Citibank, N.A, with a principal place of business in New York. (ECF No. 1 at Pg ID 4.) Argent was acquired by Citi in 2008. (ECF No. 1 at Pg ID 5.) As a wholly owned subsidiary of Citi, Argent has the same state of incorporation and principal place of business as Citi – Delaware and New York respectively.

Plaintiff contends they have previously raised the issue of the Court's lack of subject-matter jurisdiction. However, Plaintiff never filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(1) or provided evidence that the articles of

incorporation or principal place of business at the time of filing the complaint was Michigan.  The Court finds that no palpable defect exists related to its jurisdiction in this matter.

Next, Plaintiff alleges that Defendants' motion to dismiss was improperly converted to a motion for summary judgment because this Court's opinion "shows that it considered various documents and evidence outside the pleadings[.]"  (ECF No. 37 at Pg ID 997.)  According to Plaintiff, converting the motion to dismiss to a motion to summary judgment amounts to a palpable defect.  (*Id.*)

As the Court stated in its Opinion and Order on the motion to dismiss, "[w]hen a court is presented with a Rule 12(b)(6) motion, it may consider the [c]omplaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to [the] defendant's motion to dismiss, so long as they are referred to in the [c]omplaint and are central to the claims contained therein."  *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).  Plaintiff does not flag any exhibits in particular that violate this standard.  Upon the Court's review, it is clear that the documents relied on satisfy the standard articulated in *Bassett*.

In short, Plaintiff fails to demonstrate a palpable defect in this Court's January 18, 2017 decision.

4

Plaintiff also requested relief pursuant to Federal Rule of Civil Procedure 60(b)(1), which provides that a court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect[.]" Fed. R. Civ. P. 60(b)(1-(6). For the reasons stated above, the Court finds that relief pursuant to Rule 60(b)(1) is improper. This Court has subject-matter jurisdiction over this matter and Defendants' motion to dismiss was not converted to a summary judgment motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for reconsideration (ECF No. 37) is **DENIED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: July 18, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 18, 2017, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager